**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000289
26-FEB-2026
08:05 AM
Dkt. 66 ODMR**</span>

NO. CAAP-23-0000289

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

In the Matter of the Request for Payment of,
CHRISTOPHER LAWINSKI, M.D., as Provider for Sean Tilton,
Appellant-Provider-Appellant,
vs.
SCOTT SAIKI, INSURANCE COMMISSIONER, DEPARTMENT OF COMMERCE AND
CONSUMER AFFAIRS, STATE OF HAWAIʻI,
Appellee-Appellee,
and
UNITED SERVICES AUTOMOBILE ASSOCIATION,
Appellee-Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CCV-22-0000250)

ORDER
(By:  Nakasone, Chief Judge, Leonard and McCullen, JJ.)

Upon consideration of Appellant-Provider-Appellant Christopher Lawinski, M.D.'s (**Dr. Lawinski**) February 22, 2026 "Motion to Supplement Record on Appeal[;] Motion for Reconsideration of Summary Disposition Order" (**Motion**) from the Intermediate Court of Appeals Summary Disposition Order filed on February 13, 2026, pursuant to Hawaiʻi Rules of Appellate

Procedure (**HRAP**) Rule 40, and the record and files herein, it appears that:

(1) HRAP Rule 40(b) provides that a motion for reconsideration "shall state with particularity the points of law or fact that the moving party contends the court has overlooked or misapprehended[.]"

(2) Dr. Lawinski does not provide argument regarding "the points of law or fact . . . the court has overlooked or misapprehended[.]"  HRAP Rule 40(b).  Instead, Dr. Lawinski requests supplementation of the record[1] with a new 2023 document not part of the record on appeal, and presents argument based on that 2023 document.  We do not consider this argument, and the request for such supplementation is denied.  See State v. Moses, 102 Hawaiʻi 449, 455, 77 P.3d 940, 946 (2003) (holding that an appellate court "cannot consider evidence outside the record: 'every appeal shall be taken on the record and no new evidence shall be introduced in the [appellate] court'" (brackets omitted) (quoting Hawaii Revised Statutes (**HRS**) § 641-2));[2] Alford v. City & Cnty. of Honolulu, 109 Hawaiʻi 14, 25 n.18, 122 P.3d 809, 820 n.18 (2005) (disregarding material not part of the record on appeal as a violation of HRAP Rule 10).

---

[1]    HRAP Rule 10(e), entitled "Correction or modification of the record," provides that "[i]f anything material to any party is omitted from the record by error or accident or is misstated therein, corrections or modifications may be" made.  (Emphasis added.)  Dr. Lawinski is not seeking to supplement the record because of an "error or accident," but seeks to admit an entirely new document.  Id.

[2]    HRS § 641-2 (2016) pertinently provides that: "Every appeal shall be taken on the record, and no new evidence shall be introduced in the supreme court."

Therefore, IT IS ORDERED that the Motion is denied.

DATED:  Honolulu, Hawai'i, February 26, 2026.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge